UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-80756-CIV-Hurley/Hopkins

STEVEN CHINQUE and SOPHIA CHINQUE,

        Plaintiffs,

vs.

PINE GROVE DEVELOPERS, LLC,

        Defendant.
_____/

## REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR CONTEMPT (DE 16)

**THIS CAUSE** has come before this Court upon an Order Referring Plaintiffs' Motion for Contempt to the undersigned United States Magistrate Judge for a Report and Recommendation. (DE 17).

This Court has before it Plaintiffs' Motion For Contempt, wherein Plaintiffs seek to have Defendant held in civil contempt for failing to comply with the Court's Order, dated October 24, 2008, which required Defendant to provide answers to interrogatories in aid of execution by December 9, 2008. (DE 15).

Plaintiffs filed the instant motion on September 16, 2009. When Defendant failed to file a response within the time as required by the federal rules, the Court issued an Order to Show Cause, directing Defendant to respond and appear for a hearing on Plaintiffs' motion on January 29, 2010. (DE 22).[1] Defendant failed to respond to the Order or to appear for the hearing.

---

[1] Although the Court also issued two prior Orders to Show Cause directing Defendant's

(continued...)

However, before addressing Defendant's failure to appear, the Court must first consider whether Plaintiffs have met their initial burden of establishing a *prima facie* case of civil contempt. It is well settled that

> [t]he party seeking contempt bears the initial burden of showing, by clear and convincing evidence, a willful disregard for the authority of the court through failure to comply with a court order. *Georgia Power Co. v. Nat'l Labor Rel. Bd.*, 484 F.3d 1288, 1291 (11th Cir. 2007); *Popular Bank of Florida v. Banco Popular De Puerto Rico*, 180 F.R.D. 461, 465 (S.D. Fla. 1998). Specifically, "[t]he clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Georgia Power Co.*, 484 F.3d at 1291. Once a *prima facie* case is established, the burden shifts to the contemnor to produce detailed evidence to explain its noncompliance. *Popular Bank of Florida*, 180 F.R.D. at 466.

*Bank of America, N.A. v. United Cities Group, Inc.*, 2009 WL 855987, *4 (S.D. Fla. March 31, 2009).

Here, even assuming that the Court's October 24, 2008 Order directing Defendant to respond to post-judgment interrogatories was valid and clear, Plaintiffs have failed to establish the third prong: that Defendant had the ability to comply with the order. Indeed, as the Court noted and Plaintiffs' counsel conceded during the hearing on January 29, 2010, it appears that Defendant's corporate status at the time the Court issued the October 24, 2008 Order and at all times since has been "inactive." *See* Website for Florida Department of State, Division of Corporations www.sunbiz.org.

The Court finds that based on this evidence that the Defendant corporation is no longer in

---

[1](...continued)
appearance (DE 18, 20), Plaintiffs' counsel only provided proof of service on Defendant for the third Order dated January 13, 2010. (DE 22, 23).

operation, Plaintiffs have failed to establish *prima facie* proof by clear and convincing evidence that Defendant had "the ability to comply" with the Court's Order. *Cf. Trustees for the Michigan Carpenters' Council Pension Fund v. Indy Lab Systems, Inc.,* 2006 WL 1982607, *2 (W.D. Mich. July 12, 2006)(where defendant business "continued to be a viable, ongoing corporation," court found it capable of complying with its prior Order and, therefore, in contempt).

During the hearing, for the first time, Plaintiffs' counsel asked the Court to hold the principals of the Defendant corporation in civil contempt for failing to comply with its Order. At the conclusion of the hearing, the Court granted Plaintiffs' counsel's request for additional time to conduct research and file a memorandum of law in support of his request. On February 24, 2010, Plaintiffs' counsel filed a one page response, attaching a copy of a one-page order issued by a Florida state court, directing the principals of a judgment debtor corporation to appear in response to a motion for civil contempt. (DE 25). No underlying facts leading up to the state court's order are provided, such as the nature of the principals' relationship to the corporation or the evidence the court relied upon to reach its decision.

It is well settled that in certain circumstances, "officers or corporate employees may be held in contempt" for violations of court orders directed at their corporation. *Sheet Metal Workers Local 441, Health & Welfare Fund v. Unatank Corp., Inc.,* 2008 WL 2163915, *2 (S.D. Ala. May 19, 2008). However, extending a court's contempt power to such non-parties requires a showing that the individual had "notice of the court's order and the responsibility to comply with it." *Indy Lab Systems, Inc.,* 2006 WL 1982607 at *2 ("where an individual is sufficiently 'legally identified' with a small corporation as being in a position to carry out acts on its behalf, he may be subject to a contempt finding for their violation").

Here, the Court finds Plaintiffs' supplemental filing is insufficient to establish the existence of any individuals who were affiliated with the Defendant corporation and who also had the responsibility to comply with the Court's discovery order, such that they should be held in civil contempt. Indeed, Plaintiffs do not even provide the names or titles of the individuals they want held in contempt. *Cf. Trustees for the Michigan Carpenters' Counsel Pension Fund v. Streeter Brothers, Inc.,* 2006 WL 956962, *2 (W.D. Mich. April 7, 2006)(court relied on evidence in the record establishing that Mr. Streeter was the CEO of the defendant corporation and "in control of its affairs" before holding him in civil contempt). Based on the foregoing, the Court finds that Plaintiffs have failed to establish a *prima facie* case to support a civil contempt finding and, therefore, the Court **RECOMMENDS** that the District Court **DENY** Plaintiffs' motion. (DE 16). *See Unatank Corp., Inc.,* 2008 WL 2163915 at *2 (court declined to hold corporation's Secretary in contempt where there was no evidence that it was his responsibility to ensure the corporation's compliance with a prior court order).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* Statutory Time-Periods Technical Amendments Act of 2009, H.R. 1626, sec. 6, amending 28 U.S.C. § 636(b)(1) to provide that " . . . within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). *See also* Fed. R. Civ. P. 72(b) (2009) ("Within

4

14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Chambers this 15 day of March, 2010, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:

Plaintiffs' Counsel

Pine Grove Developers, LLC
c/o Dade County Corporate Agents
20801 Biscayne Blvd. #505
Aventura, FL 33180